IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK,  JUDGE

Civil Case No.  12-cv-03380-LTB

IN RE:

PETER GEORGE MARTIN,

       Debtor.

PETER GEORGE MARTIN,

       Plaintiff-Appellee,

v.

THE UNITED STATES OF AMERICA,

       Defendant-Appellant.

_____

ORDER
_____

      Appellant, The United States of America, appeals an order of the United States Bankruptcy Court for the District of Colorado dated November 14, 2012, denying its Motion for Summary Judgment and granting the Motion for Summary Judgment filed by the Appellee, Debtor Peter George Martin.  [Appellate Record at Doc #10 pg. 178]  Oral argument would not materially assist in the determination of this appeal.  After consideration of the record and the parties' briefs, and for the reasons set forth below, I REVERSE the order of the Bankruptcy Court.

## I. Facts

The underlying facts in this case are undisputed. As relevant here, Debtor failed to timely file his Form 1040 Federal Income Tax Return for the tax years 2000 and 2001. As a result, the Internal Revenue Service ("IRS") made assessments for the Debtor's 2000 and 2001 tax years following an examination and the issuance of a Notice of Deficiency. Debtor did not challenge the tax determination set forth in the Notice and, as such, a tax assessment was made for the 2000 and 2001 tax period on November 8, 2004. After Debtor failed to pay his assessed income tax debt, the IRS undertook collection action by issuing a Notice of Intent to Levy regarding Debtor's 2000 and 2001 tax debt on November 29, 2004. Debtor subsequently filed Form 1040s for his 2000 and 2001 federal income tax liability approximately five (5) months later on May 5, 2005. As a result, the IRS partially abated its tax assessment to a total amount equal to the amount reported by Debtor on his 1040s.

Thereafter, on October 28, 2010, Debtor filed a voluntary petition for bankruptcy under Chapter 7, Title 11, of the United States Bankruptcy Code. The Court issued a discharge order on February 18, 2011. [Doc #10 pg.14] Following the discharge, Debtor filed an adversary proceeding (AP No. 11-01536) seeking a determination that his income tax debt from 2000 and 2001 was discharged by the discharge order. [Doc #10 pg. 6] In response, the IRS filed a motion seeking summary judgment and a determination that Debtor's 2000 and 2001 income tax debt was excepted from discharge because it was not a debt for which a return was filed within the meaning of 11 U.S.C. §523(a)(1)(B)(i). [Doc #10 pg. 17-74] Debtor, in response, filed a cross-motion seeking summary judgment in his favor and a ruling that his 2000 and 2001 income tax debt was, in fact, discharged. [Doc #10 pg. 75-102]

On November 14, 2012, the Bankruptcy Court ruled in favor of Debtor by granting his motion for summary judgment, and denying the United State's motion for summary judgment. [Doc #10 pg.178] *In re Martin,* 482 B.R. 635, 636 (Bkrtcy. D.Colo. 2012). The United States appealed this decision to the Bankruptcy Appellate Panel. On December 27, 2012, Debtor elected to remove the appeal to the District Court pursuant to 28 U.S.C. §158(c)(1)(B).

## II. Standard of Review

In reviewing a Bankruptcy Court's decision, the district court functions as an appellate court and is authorized to affirm, reverse, modify or remand the Bankruptcy Court's ruling. 28 U.S.C. §158(a); Fed. R. Bankr. P. 8013. As relevant here, a Bankruptcy Court's legal conclusions – as opposed to its factual findings – are reviewed *de novo*. *In re Warren*, 512 F.3d 1241, 1248 (10th Cir. 2008); *In re D.E. Frey Group, Inc.,* 2008 WL 630044, 2 (D. Colo. 2008).

## III. Underlying Law

The legal question at issue is whether the Debtor's tax liability for 2000 and 2001 was discharged in bankruptcy by the order of discharge – as argued by Debtor – or whether the exception found at 11 U.S.C. §523(a)(1)(B)(i) applies, making the tax debt non-dischargeable – as argued by the United States.

The general rule is that a debtor who files a bankruptcy petition is discharged from personal liability for all debts incurred before the filing of the petition, including those related to unpaid taxes. 11 U.S.C. §727(b). The Bankruptcy Code lists several exceptions to the general rule of dischargeability of an unpaid tax debt under 11 U.S.C. §523(a)(1), which precludes the discharge of a tax debt in several circumstances. For example, a priority tax is not dischargeable pursuant to §523(a)(1)(A), nor is a debt with respect to a fraudulent return pursuant to

§523(a)(1)(C). The exception to discharge at issue here is §523(a)(1)(B), which renders a tax debt nondischargeable if a related return was filed within the two years of the filing of the bankruptcy petition or, as relevant here, when a return was not filed. Specifically, that exception provides as follows:

> (a) A discharge [in bankruptcy] does not discharge an individual debtor from any debt –
>   (1) for a tax ... –
>     (B) with respect to which a return . . . if required –
>       (i) was not filed  . . .

In October 2005, §523(a) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 119 Stat. 23 (April 20, 2005)(the "BAPCPA"), which – as relevant here – added an unnumbered paragraph at the end of the section and provides a definition of a "return" as follows:

> For purposes of this subsection, the term 'return' means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or similar State or local law.

This unnumbered section, located at the end of §523(a), is often referred to as a "hanging paragraph."

I note that a return under §6020(a) of the Internal Revenue Code is one prepared by the IRS with the assistance of the taxpayer, as well as signed by the taxpayer – and thus is considered a "return" under §523(a)(1)(B)(i) – while a §6020(b) return is prepared and executed by the IRS without assistance or a signature from the taxpayer – and, as such, is not deemed a "return" for the purposes of §523(a)(1)(B)(i). This case does not involve a tax liability assessed

by either §6020(a) or §6020(b), but rather assessment via a Notice of Deficiency as provided for in 26 U.S.C. §6212.

### IV. Bankruptcy Court Ruling

The Bankruptcy Court in this matter ruled that Debtor's belated 1040s – filed after IRS assessment – constituted a "return" for purposes of the exception to discharge at §523(a)(1)(B)(i) and, as such, it concluded that the subject tax debt was dischargeable. *In re Martin, supra,* 482 B.R. at 641.

In so doing, the Bankruptcy Court first determined that the language "applicable filing requirements" – as set forth in the first sentence of the hanging paragraph of §523(a) – does not include time requirements or due dates for filing a tax return. Specifically, the Bankruptcy Court ruled that interpreting "applicable filing requirements" to encompass the time for filing a tax return would result in essentially *any* late-filed return as failing to meet the hanging paragraph definition of a "return" and, in turn, "all taxes relating to late-filed returns [would be] non-dischargeable under §523(a)(1)(B)(i)." *In re Martin, supra,* 482 B.R. at 638-39.  The Court found such an interpretation untenable in that it would essentially render §523(a)(1)(B)(ii) – which provides that taxes for which a return was filed "after such return was last due" and less than 2 years prior to the date of bankruptcy are not discharged – superfluous. *In re Martin, supra,* 482 B.R. at 639.  The Court also determined that such an interpretation would defy the normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning, because the term "return" in §523(a)(1)(B)(ii) speaks of "returns" filed "after the date on which such return . . . was last due." *Id.*  As such, the Bankruptcy Court concluded that "'[a]pplicable filing requirements' must refer to considerations

other than timeliness, such as the form and contents of a return, the place and manner of filing, and the types of taxpayers that are required to file returns." *In re Martin, supra,* 482 B.R. at 639.

As a result of this determination, the Bankruptcy Court then reviewed pre–BAPCPA case law that assessed whether a disputed document sufficiently complied with requirements concerning form, manner, contents, and place of filing, in order to be considered a "return" sufficient to avoid the discharge exception of §523(a)(1)(B)(i). The Court noted that the most common rubric used to make such a determination is known as the "Beard test," which indicates that to constitute a "return" a document must: "(1) contain sufficient information to permit a tax to be calculated; (2) purport to be a return; (3) be sworn to as such; and (4) evince an honest and genuine endeavor to satisfy the law." *In re Martin, supra,* 482 B.R. at 640 (*citing Beard v. Commissioner*, 82 T.C. 766, 774–79, 1984WL15573 (1984), *aff'd,* 793 F.2d 139 (6th Cir. 1986)).

When looking at the question of whether a filing constitutes a "return" for purposes of §523(a)(1)(B)(i), the Bankruptcy Court noted that the Circuits have differed in their application of the fourth element of the Beard test when a taxpayer files a 1040 after assessment is made by the IRS. The Sixth, Fourth and Seventh Circuits have found that a 1040 form filed after an assessment "serve no tax purpose" and, thus, the debtor's actions in filing the belated 1040s were not an "honest and reasonable attempt to satisfy the requirements of the tax law." Thus, these Circuits concluded that the filings failed the fourth prong of the Beard test and, as such, they were not "returns" for purposes of §523(a)(1)(B)(i). *In re Martin, supra,* 482 B.R. at 640 (*citing In re Hindenlang*, 164 F.3d 1029, 1034–35 (6th Cir. 1999); *In re Moroney*, 352 F.3d 902, 906 (4th Cir. 2003); and *In re Payne,* 431 F.3d 1055, 1059–60 (7th Cir. 2005)). In contrast, the Eighth Circuit found that whether a document evinces an honest and genuine attempt to satisfy

the law does not require consideration of the timing of the taxpayer's filing or of the filer's intent, but rather should be an objective test "determined from the face of the form itself, not from the filer's delinquency or the reasons for it." *In re Martin, supra*, 482 B.R. at 640 (*quoting In re Colsen*, 446 F.3d 836, 840 (8th Cir. 2006)).

> The Bankruptcy Court here agreed with the analysis of the Eighth Circuit, that:
>
> where the debtor's 1040s contained data that allowed for the accurate computation of his taxes, they served a valid purpose of the tax laws and were properly found to be 'returns' [and] accordingly, the tax liability shown on the returns was dischargeable in the debtor's bankruptcy . . .

*Id.* In so doing, the Court noted that excepting tax debts from discharge related to untimely and/or fraudulent returns is addressed in other sections of §523(a)(1). To graft the concepts of timeliness and fraud into the meaning of "return" under these circumstances, the Bankruptcy Court found, is both unnecessary and "distorts what is otherwise plain statutory language concerned only with whether a 'return' was 'filed.'" *In re Martin, supra,* 482 B.R. at 641. Moreover, the Court determined while self-assessment of tax liability is important, "Congress has so far elected not specifically to include it as an additional condition to discharge of tax liability under §523(a)(1)(B)(i)." *Id.* If filing a return after an assessment was relevant to discharge under §523(a)(1)(B)(i), the Bankruptcy Court expected that Congress "would have made a more explicit reference in the statute" as it did – for example – in 11 U.S.C. §507(a)(8)(A)(ii), which excludes from dischargeability tax debts "assessed within 240 days before the date of the filing of the petition." *Id.*

In applying these rulings, the Bankruptcy Court concluded that:

> A document is a 'return' for purposes of §523(a)(1)(B)(i) if it complies with 'applicable filing requirements' concerning the form and contents of a return, the place and manner of filing, and the types or classifications of taxpayers that are required to file returns, and if it otherwise complies with requirements of nonbankruptcy law. In making the determination of whether a document 'evinces an honest and genuine endeavor' to satisfy the law, an objective test, based on the face of the document, not the timeliness of its filing, must be used. Using these tests, the undisputed facts in this case demonstrate that Debtor's 2000 and 2001 Forms 1040 were 'returns,' and the debt owed to the United States as shown on these returns is not within the discharge exception of §523(a)(1)(B)(i).

*In re Martin, supra*, 482 B.R. at 641. Accordingly, the Bankruptcy Court entered summary judgment in favor of Debtor, and declared that the tax debt owed to the IRS for his 2000 and 2001 income taxes was discharged. The United States appeals this ruling and argues that the Bankruptcy Court erred in ruling that the exception in 11 U.S.C. §523(a)(1)(B)(i) did not apply.

## IV. Analysis

I recently considered the appeal of the Bankruptcy Court's ruling in *Mallo v. Internal Revenue Service (In re Mallo),* 2013WL49774 (Bkrtcy. D.Colo. 2013). Under a nearly identical fact pattern, the Bankruptcy Court in *In re Mallo, supra*, ruled that the debtors' 1040s – filed after the IRS assessed tax liability – were not "returns" for purposes of applying §523(a)(1)(B)(i) and, accordingly, the related tax debt was not dischargeable. As a result, the Bankruptcy Court *In re Mallo, supra,* granted judgment in favor of the IRS/United States and against the debtors. On appeal, I affirmed the Bankruptcy Court in an order dated September 11, 2013, Case No. 13-cv-00098-AP-LTB.

In *In re Mallo*, the debtors – like the Debtor here – failed to timely file their 1040s for the tax years 2000 and 2001 and, as a result, the IRS made assessments for those tax years following an examination and the issuance of Notices of Deficiency.  The debtors did not challenge the tax determinations and, in July 2006, tax assessments were made against one debtor for the 2000 tax year and against the other debtor for the 2001 tax year.  The IRS then issued Notices of Intent to Levy.  The debtors subsequently filed joint Form 1040s reporting their 2001 income, over a year later in April of 2007, and reporting their 2000 income six month later, in October of 2007.  Thereafter, on February 18, 2010, the debtors voluntarily filed for bankruptcy and the Bankruptcy  Court issued a discharge order on July 5, 2011.

The *In re Mallo* debtors then filed an adversary proceeding against the IRS seeking a determination that their income tax debt from the years 2000 and 2001 was discharged, and the IRS responded by filing a motion for summary judgment and seeking determination that the relevant tax debts (as to each individual debtor) were excepted from discharge pursuant to §523(a)(1)(B)(i).  On January 3, 2013, the Bankruptcy Court ruled in favor of the IRS by granting its motion for summary judgment.  *In re Mallo, supra*, 2013WL49774.  On appeal of the Bankruptcy Court's ruling in *In re Mallo*, *supra*, I affirmed by ruling in favor of the IRS as follows.

**A.  Interpretation of Hanging Paragraph by Fifth Circuit in *In Re McCoy***

I first reviewed the case law that has interpreted the language in the first sentence of the hanging paragraph following §523(a) to rule that when a debtor's returns are filed late, they do not comply with the "applicable filing requirements" and, therefore, are not "returns" for discharge purposes.  *In re McCoy*, 666 F.3d 924, 932 (5th Cir. 2012)(*cert. denied by McCoy v.*

*Mississippi State Tax Comm'n*, 133 S.Ct. 192, 184 L.Ed.2d 38 (U.S. Oct 01, 2012)).  I compared the Fifth Circuit ruling in *In re McCoy*, *supra*, with the recent ruling by the United States Bankruptcy Appellate Panel for the Tenth Circuit in *Wogoman v. Internal Revenue Service (In re Wogoman)*, 475 B.R. 239 (10th Cir. BAP July 3, 2012), which noted the hanging paragraph's first sentence "is susceptible to the construction that [any] late-filed return is not a return for purposes of dischargeability," but ruled that it did not have to "conclusively define the boundaries of the hanging paragraph in this case because it does not involve a tax return that was merely filed 'late'." *In re Wogoman*, *supra*, 475 B.R. at 250.  Rather, the case involved debtors who, without any reason justifying the delay, did not file their returns until "after the IRS had completed the burdensome process of determining their tax liability, providing the statutory notice of deficiency, assessing the taxes, and attempting collection." *Id.*

I did not reconcile these conflicting rulings, however, as the parties in *In re Mallo* agreed that the ruling in *In re McCoy, supra,* should not be adopted.  Specifically, the United States conceded that the *In re McCoy* interpretation should not be adopted "as it leads to harsh results that would penalize taxpayers who file even a day late and without requiring government intervention to assess the tax."   In this case, the parties again agree that I should not follow or adopt the ruling in *In re McCoy*.  Debtor here argues that I should affirm the Bankruptcy Court's ruling that "'applicable filing requirements' must refer to considerations other than timeliness," *In re Martin, supra*, 482 B.R. at 639, but the United States again indicates that it "does not advocate adoption of [*In re*] *McCoy* . . .".  As a result, I again decline to apply or adopt the *In re McCoy* analysis in this matter.

**B. IRS Official Position/Interpretation**

In my ruling in *In re Mallo, supra*, I next addressed and rejected the IRS' official position that tax debts which are incurred by IRS assessment before the taxpayer subsequently files a related return, are excepted from discharge under §523(a)(1)(B)(i) because such liability is not a "debt for which a return was filed." *See* IRS Office of Chief Counsel Notice CC-2010-016 CC-2010-016, 2010 WL 3617597 (Sept. 10, 2010)("[i]f at the time of assessment no return has been filed, then the debt recorded by that assessment is a debt with respect to which a return was not filed and section 523(a)(1)(B)(i) applies to except it from discharge"). This is because "the act of assessment creates or records a 'debt' for the assessed taxes that is legally enforceable by lien or levy, [and] if a return has not been filed prior to assessment, the tax liability cannot be discharged." *See In re Mallo, supra* (*quoting In re Wogoman, supra*, 475 B.R. at 250). I disagreed with the United States that the IRS' interpretation was applicable, by rejecting its argument that the nature of the debt (as assessed by the IRS prior to the filing of a return, as opposed to a liability initially reported by the taxpayer via self-assessment) is somehow contemplated or addressed by the statute. *In re Mallo*, *supra* (*citing In re Savage, supra,* 218 B.R. at 132; *In re Nunez,* 232 B.R. 778, 782 (9th Cir. BAP 1999)).

In this case the United States contends that the Bankruptcy Court erred in failing to adopt the official position of the IRS that the debt in this case is not dischargeable under §523(a)(1)(B)(i), because it again asserts that it is a "debt for which no return was filed" in that the genesis of the debt in such cases comes from government action in assessing the liability, not from the taxpayer action of filing a return.

However, as I ruled in *In re Mallo, supra*, "the statutory language defining a return for purposes of assessing whether a 'return was filed'. . . cannot be interpreted consistent with the IRS' official position" in that "[w]hether a tax debt is or is not dischargeable based on the debtor's self-assessment of that debt, via the timing of his or her filing before or after assessment, is clearly not contemplated by a plain reading of the statutory language." *Id.* As such, I again conclude, based on the same rationale, that the IRS' official position – that a tax liability assessed by the IRS prior to the subsequent filing of a 1040 by the taxpayer is not a "debt for which a return was filed" – is not supportable by the statutory language of §523(a)(1)(B)(i). *See In re Mallo, supra*; *see also In re Wogoman, supra,* 475 B.R. at 250 *(citing In re Savage, supra,* 218 B.R. at 132;  *In re Nunez, supra,* 232 B.R. at 782).

### C.  Pre-BAPCPA Standard – "Beard Test"

After declining to adopt the analysis of *In re McCoy supra* – that all late returns rendered a related tax debt nondischargeable – and ruling that the official position of the IRS was not supported by the statutory language, I concluded in *In re Mallo, supra*, that the belated returns in that case did not constitute "returns" for purposes of §523(a)(1)(B)(i), by employing the legal standard used prior to the passage of the BAPCPA.

Specifically, I first determined that the four-prong "Beard test" was the relevant law to determine whether a filing is a "return," because that test constituted the "applicable nonbankruptcy law" – pursuant to the first sentence of the hanging paragraph provided by the BAPCPA – for purposes of determining whether a filing is a "return" under §523(a)(1)(B)(i).  I then agreed with the majority of the Circuits applying the Beard test to conclude that returns filed after IRS assessment – absent evidence of circumstances beyond a taxpayer's control that

prevented him or her from filing a timely return – failed the fourth element of the test because such filings "were not reasonable attempts to comply with the tax law."  In so doing, I rejected the minority ruling – as set forth by the Eight Circuit in *In re Colsen*, 446 F.3d 836 (8th Cir. 2006) – that lateness should not be considered when assessing whether a document constitutes a "a reasonable attempt to comply with tax law," but rather such determination must be made solely on the face of the document.  As a result, I concluded that the untimely returns filed by the debtors in *In re Mallo*, *supra*, were not "an honest and reasonable attempt to comply with tax law" under the fourth prong of the test, because it was undisputed that the debtors "failed to file their 1040 forms until between 12 and 18 months after the IRS examined and then determined their tax liability, sent notices of deficiency, assessed the taxes, and then commenced collection by sending notices of levy, and is devoid of any facts or claims of unique or special circumstances that occurred beyond the Debtors' control."  I therefore affirmed the Bankruptcy Court's ruling in *In re Mallo,* that the subjected taxes were excepted from discharge under §523(a)(1)(B)(i).

In this case, the undisputed facts are essentially identical to those in *In re Mallo, supra*, in that Debtor here also failed to file his 1040 forms until after the IRS examined and determined his tax liability, sent a notice of deficiency, and assessed and commenced collection of the tax liability.  Likewise, there is no claim of unique or special circumstances that occurred beyond the Debtor's control that would excuse the belated filing.  As a result, the belated 1040s in this case did not constitute "returns" for purposes of §523(a)(1)(B)(i), in that it failed to meet the fourth element of the Beard test as it was not reasonable attempts to comply with the tax law. *In re Mallo, supra; see also In re Wogoman, supra*, 475 B.R. at 247 (ruling that the filing of such

returns are merely "belated attempts to create a record of compliance when none really exists, long after the IRS had filed substitutes for returns and provided notices of deficiency").

As such, I reverse the Bankruptcy Court's ruling in *In re Martin, supra*, that the subjected tax liability was excepted from discharge under 11 U.S.C. §523(a)(1)(B)(i), as well as its granting of summary judgment in favor of the Debtor.

Accordingly, IT IS ORDERED that the decision of the Bankruptcy Court granting the Debtor's Motion for Summary Judgment in this adversary proceeding (AP No. 11-01536) is REVERSED.

Dated: September   23  , 2013 in Denver, Colorado.

                                            BY THE COURT:

                                             s/Lewis T. Babcock
                                            LEWIS T. BABCOCK, JUDGE